S07A1358. WALDEN v. STATE OF GEORGIA.
(656 SE2d 801)

SEARS, Chief Justice.

In July 2006, the police found crack cocaine and $3,106 in cash in James Mickey Walden's pickup truck when they arrested him on suspicion of driving under the influence (DUI). The District Attorney

commenced administrative forfeiture proceedings, and Walden and his mother filed claims to the property. As required by statute, the District Attorney then filed a complaint for in rem civil forfeiture in the Union County Superior Court to have the property declared contraband and forfeited to the State. Walden filed an answer to the complaint, but his mother did not. Following a hearing at which both Walden and his mother were present, the trial court declared Walden's 2001 Ford pickup truck and the $3,106 in currency to be contraband and ordered them forfeited to the State. Walden appealed. For the reasons that follow, we affirm.

On July 3, 2006, Walden was driving his pickup truck through the City of Blairsville. Dispatch put out a bulletin to be on the lookout for a vehicle like Walden's truck with Walden's license plate number for a possible DUI. After following Walden a short distance, an officer with the Blairsville Police Department pulled Walden over. A backup officer arrived at the scene shortly thereafter. The stop was based on both the bulletin from dispatch and the initiating officer's personal observation of two minor moving violations by Walden.

As soon as his truck came to a stop, Walden got out and began walking towards the officers. They ordered him to stop, and he complied. Walden began mumbling about people following him from the Delta and started pointing to empty vehicles across the street, claiming that their non-existent passengers were watching him. Walden's eyes were bloodshot, and he acted as though he was under the influence of an intoxicant. Walden did not smell of alcohol.

When the officers called in Walden's information, they learned that he was on probation. They ran him through a number of field sobriety tests, all of which he failed. Walden told the officers that he was taking prescription medications, and when they asked him for permission to search the truck for intoxicants, he consented. The officers found a crack pipe in the front seat in plain view, which Walden identified as a crack pipe but claimed must have been planted there by the people from the Delta who were following him. The officers placed Walden in handcuffs and returned to the search of the truck.

When the officers resumed their search, they located a bag in an opening on the dashboard just to the right of the steering wheel. Inside the bag was another bag containing several small yellow packets. Each packet contained a single rock of crack cocaine, and additional rocks were found in both of the larger bags. Altogether, the police recovered approximately 50 rocks and particles of crack cocaine from Walden's truck, as well as $1,300 in $100 bills in a burgundy Bible on the front seat and $1,806 from Walden's wallet. As with the crack pipe, Walden admitted the drugs were in his truck, but he denied owning them, saying the people from the Delta who were

following him must have planted them. Walden added that this was not the first time that the people from the Delta had planted illegal drugs in his truck.

The State of Georgia, acting through the District Attorney for the Enotah Judicial Circuit, commenced administrative forfeiture proceedings against the property under OCGA § 16-13-49 (n). Walden filed claims to both the truck and the currency, and his mother, Barbara B. Walden, filed a claim to the truck.[1] In accordance with OCGA § 16-13-49 (n) (5), on November 3, 2006, the District Attorney filed a complaint for in rem civil forfeiture in the Union County Superior Court under OCGA § 16-13-49 (o).[2] The complaint named Walden and his mother as individuals claiming an interest in the property and was served on them at the addresses they provided in the claims filed in the administrative forfeiture process. Walden filed a timely answer to the forfeiture complaint, but his mother did not.[3]

On January 2, 2007, the trial court conducted a hearing on the District Attorney's civil forfeiture complaint. Walden appeared through counsel, and both Walden and his mother were present at the hearing. There were only two witnesses, the officer who initiated the traffic stop and a forensic pathologist appointed to evaluate the defendant's competence to stand trial and his degree of criminal responsibility when he was pulled over. Walden's mother attempted to speak at the very end of the hearing, but the trial court refused to let her, noting that she had not filed an answer to the complaint, was not a party to the case, and had not been called by either the State or Walden to testify as a witness. On February 26, 2007, the trial court entered an order rejecting Walden's statutory and constitutional defenses to forfeiture of the truck and currency, declared the property contraband, and ordered it forfeited to the State. Walden appealed.[4]

Walden has raised a hodgepodge of issues on appeal, none of which has any real merit. Walden's only colorable claim is his argument that due process requires a judicial finding of some degree of criminal responsibility on the part of the owner of contraband

---

[1] See OCGA § 16-13-49 (n) (1)-(4).

[2] See OCGA § 16-13-49 (n) (5) (requiring district attorney to file in rem forfeiture complaint under subsection (o) or in personam forfeiture complaint under subsection (p) within 30 days of receiving claim of ownership or interest holder status in property that is subject of subsection (n) administrative forfeiture proceeding).

[3] See OCGA § 16-13-49 (o) (3). Walden's mother waited until after Walden filed his notice of appeal before filing an answer to the civil forfeiture complaint. Needless to say, this belated pleading is of no effect.

[4] In his pro se briefs on appeal, Walden attempts to raise arguments on behalf of his mother. Walden's mother did not file a responsive pleading to the complaint, she was not a party to the case in the trial court, and she is not a party to this appeal. Accordingly, we will not consider Walden's arguments on behalf of his mother.

property before the government can constitutionally take title to it. The trial court determined that due process does impose such a requirement but then found as a factual matter that Walden possessed the requisite degree of criminal responsibility. Thus, even assuming, for the sake of argument, that due process imposes such a requirement, Walden cannot demonstrate reversible error by the trial court, because the evidence in the record amply supports the trial court's factual finding that Walden possessed the necessary degree of criminal responsibility. Walden's remaining arguments are wholly meritless. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008.

James M. Walden, *pro se.*
*N. Stanley Gunter, District Attorney*, for appellee.